JOHN D. MAHAFFEY, JR., P.A. v. MARY FRANCES SODERO

No. 7728SC964

(Filed 17 October 1978)

**1. Accounts § 2— account stated**

  An account stated is an agreement between parties that an account rendered by one of them to the other is correct. Once this agreement is made the account stated constitutes a new and independent cause of action superseding and merging the antecedent cause of action.

**2. Accounts § 2— retention of account—failure to object—account stated**

  The jury may infer from the retention without objection of an account rendered for a reasonable time by the person receiving a statement of account that the person receiving the statement has agreed that the account is correct.

**3. Accounts § 2— account stated**

  In determining whether the defendant's failure to object to an account was an assent by defendant to its correctness and an agreement to pay it, the jury may consider the nature of the transaction, the relation of the parties, their distance from each other, the means of communication between them, their business capacity, their intelligence, and the usual course of business between them.

**4. Accounts § 2— account stated—erroneous directed verdict**

  The trial court erred in directing a verdict for plaintiff, a Florida attorney, in an action on an alleged account stated against a client in this State since it was for the jury to determine whether defendant, by her retention of the statement of the account without objection, agreed that it was correct and agreed to pay it.

**5. Compromise and Settlement § 6— offer to compromise—inadmissibility**

  In an attorney's action against a client on an alleged account stated, the trial court erred in admitting a letter written by defendant to plaintiff which constituted an offer to compromise the lawsuit.

  Judge MORRIS concurs in the result only.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 29 June 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 28 August 1978.

This is an appeal by the defendant from a directed verdict against her. John D. Mahaffey is an attorney in Florida who practices law through a professional corporation. Mrs. Sodero retained him in December 1971 to represent her in regard to her mother's estate. He attempted to have the executrix removed, but was un-

successful. He represented her in other matters in regard to the estate and also two matters which were not connected with the estate. He testified that he was "looking to what she was going to obtain from the estate" as an indication of security for his fee. The plaintiff submitted an interim bill to defendant in October 1973 for $5,355.00. Mrs. Sodero testified that she called him and asked him "what in the world is it for?" She testified further that she told him at a later time that she would not quibble over the bill "if you wrap this thing up right now." Mr. Mahaffey continued representing Mrs. Sodero until 6 October 1975. Mrs. Sodero received a total of $6,900.00 from the estate. The executrix absconded with a large part of the estate. On 25 September 1975, the plaintiff submitted a bill to the defendant for $9,710.00. The plaintiff resubmitted the bill to her on 6 October 1975. The plaintiff did not hear from the defendant again and commenced this action on 13 November 1975. At the close of all the evidence, the court allowed the plaintiff's motion for a directed verdict. In its judgment, the court found:

> "when all of the evidence is considered in the light most favorable to the Defendant that the Plaintiff is entitled, as a matter of law, to a Judgment because the Defendant failed to protest or object as to the balance of the account stated in the evidence presented in Court and as stated in the pleadings and, furthermore upon the evidence being considered in the light most favorable to the Defendant that the evidence shows that this action was in fact an action on an ACCOUNT STATED, . . . ."

The defendant appeals.

*James C. Coleman, for plaintiff appellee.*

*McLean, Leake, Talman and Stevenson, by Joel B. Stevenson, for defendant appellant.*

WEBB, Judge.

We hold it was error for the superior court to direct a verdict for the plaintiff.

Neither party has raised the question of whether Florida law or the law of North Carolina should govern any aspect of this

case. Our research has not revealed any case from Florida or North Carolina as to the substantive law governing a suit on an account stated by an attorney against a client. The substantive law of both states as to accounts stated in other respects appears to us to be the same. As to the propriety of granting the motion for a directed verdict, this is a procedural law question and is governed by the law of North Carolina.

[1-4]   An account stated is a contract. It is an agreement between parties that an account rendered by one of them to the other is correct. Once this agreement is made the account stated constitutes a new and independent cause of action superseding and merging the antecedent cause of action. The jury may infer from the retention without objection of an account rendered for a reasonable time by the person receiving a statement of account that the person receiving the statement has agreed that the account is correct. *See Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 126 S.E. 2d 500 (1962) and 1 Am. Jur. 2d, Accounts and Accounting, § 21, p. 395. Crucial to the decision in this case is the fact that an account stated like other contracts is based on an agreement. The retention by the defendant of the account did not of itself create a cause of action. It is a jury question as to whether the defendant by the retention of the statement of the account agreed that it was correct and agreed to pay it. In determining whether the defendant's failure to object to the account was an assent by the defendant to its correctness and an agreement to pay it, the jury may consider several things. Among the things to be considered are the nature of the transaction; the relation of the parties; their distance from each other, and the means of communication between them; their business capacity; their intelligence or want of intelligence; and the usual course of business between them.

[5]   The defendant's second assignment of error relates to the introduction of a letter written by the defendant to plaintiff dated 13 January 1976. The letter says:

Dear Jack:

This is to inform you that I have given much thought to the law suit that you have instituted against me, and I have arrived at the conclusion that it would be better for both of us if we commmunicate [sic] and try to work things out.

First, let me say, that the only asset that I have is a Torino Ford that I have, 1971, which I own jointly with Melissa, which has a $900 lien. I have had to give up my rental home and move in with a friend due to economic conditions. I can no longer maintain a home of my own.

I have become weary of my sister, Olivia King, and have come to the conclusion that to file any more civil suits would be of no advantage to me in trying to recover the money. I have no intention of paying more attorney's fees, as it would only, at best, establish the fact that it is owed by her and possibly get a judgment against her.

Since I have no assets, except a '71 Ford Torino, which needs over $200 worth of body work and transmission repairs, I have nothing to lose if you get a judgment against me. I plan to have a jury trial if we go to court and you, no doubt, will have to make several trips up here.

I am perfectly willing to sign an agreement with you to the effect that if you withdraw your suit, I will be willing to pay you $4,000, which would include the $500 I have already paid you. This would be paid when I receive the money from the estate of Mrs. King that is. I will file charges with the prosecuting attorney in Florida against her for embezzlement [sic]. Knowing her as I do, I know she will not go to jail.

If you get a judgment against me, I will not bring any action against Mrs. King and, therefore, there will be nothing to be gotten from me. It would not be worth all I have to go through for trips to Florida and time away from my job and give up so much.

Let me hear from you by return mail, if at all possible, if you are interested in this.

                    Regards,

                    Mary Frances Sodero

P.S. Court costs will also be yours for the suit you in-
      stituted.

We hold this letter was an offer to compromise the lawsuit and it was error to admit it into evidence. 2 Stansbury, N.C. Evidence

(Brandis Rev. 1973), § 180, p. 56. The plaintiff contends this letter should be admitted not as an offer to compromise, but as distinct admissions of an independent fact, the fact being the defendant's offer to prosecute her sister if the plaintiff would accept the compromise offer. The plaintiff argues this shows the state of mind of the defendant. We hold this statement that the defendant would prosecute her sister is a part of the compromise offer and the letter should have been excluded.

We note that the complaint does not allege that there was an account stated, but alleges that the defendant owes the plaintiff $9,710.00 "according to the account hereto annexed." Under our practice of liberal construction of pleadings this may be sufficient to allege an account stated, but the plaintiff may be well advised to amend the complaint to allege an account stated before the next trial.

We do not discuss the defendant's third assignment of error as it may not recur.

New trial.

Judge HEDRICK concurs.

Judge MORRIS concurs in the result only.