**Woodruff v. Shuford**

---

---

HOWARD WOODRUFF v. ROBERT L. SHUFORD, III

No. 8625SC159

(Filed 5 August 1986)

1. **Accounts § 2— payment for renovation work—account stated—sufficiency of evidence**

In an action to recover an amount due for renovation work on defendant's property, the trial court did not err in denying defendant's motion for a directed verdict where plaintiff's evidence showed that he submitted a written statement to defendant for materials and labor, together with invoices for the materials, in March 1982; approximately two weeks later plaintiff spoke with defendant by phone and defendant said that he "would be up here within two weeks and pay the bill"; defendant did not thereafter pay plaintiff; other than his promise to pay within two weeks, defendant never mentioned the bill until plaintiff instituted this action in September 1982; and this evidence was sufficient for the jury to find an account stated.

2. **Accounts § 1— failure to instruct on open account—no error**

Failure to instruct on an open account did not harm defendant since his liability was established on an account stated, and this liability superseded any liability on an open account.

APPEAL by defendant from *Saunders, Judge*. Judgment entered 27 August 1985 in Superior Court, CALDWELL County. Heard in the Court of Appeals 11 June 1986.

Plaintiff's evidence tended to show, in pertinent part, that:

In 1979 defendant entered an oral agreement with plaintiff for construction and renovation work on defendant's property. The parties agreed that plaintiff would be paid on an hourly basis and reimbursed for the cost of materials. The parties further agreed that "[w]hen the amount of 5 thousand dollars labor and material had been reached [defendant] was to make the payment."

Defendant presumably made this payment, and the parties thereafter entered "into another arrangement to do some further work [under which plaintiff would] bill [defendant] for the labor at four dollars per hour and the material at [plaintiff's] cost." In March 1982 plaintiff submitted a written statement for material and labor, together with copies of invoices, to defendant. Two weeks later defendant told plaintiff during a phone conversation that he "would be up here within two weeks and pay the bill" and that he would return the bill and the copies of the invoices at that time. Thereafter defendant returned the bill and invoices and said he "would have the money rounded up within two weeks." However, defendant never paid the amount owed, and plaintiff brought this action seeking collection of this debt.

Plaintiff introduced and the court admitted into evidence the written statement for labor and materials. The court submitted the following issue to the jury: "Was the account between [plaintiff] and [defendant] an account stated?" The jury answered in the affirmative and the court entered a judgment for plaintiff in the amount of "$11,891.35 with interest thereon from March 14, 1982."

Defendant appeals.

*Wilson and Palmer, P.A., by William C. Palmer, for plaintiff appellee.*

*Rudisill & Brackett, P.A., by J. Steven Brackett, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in failing to grant his motion for a directed verdict. We disagree.

In general,

> [i]n considering any motion for directed verdict [under N.C. Gen. Stat. 1A-1, Rule 50], the trial court must view all the evidence that supports the non-movant's claim as being true and that evidence must be considered in the light most favorable to the non-movant, giving to the non-movant the benefit of every reasonable inference that may legitimately be drawn from the evidence with contradictions, conflicts, and inconsistencies being resolved in the non-movant's favor.

*Bryant v. Nationwide Mutual Fire Insurance*, 313 N.C. 362, 369, 329 S.E. 2d 333, 337-38 (1985). The court may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 583, 201 S.E. 2d 897, 902 (1974).

> To establish an account stated plaintiff was required to show:

> (1) a calculation of the balance due; (2) submission of a statement to plaintiff; (3) acknowledgment of the correctness of that statement by plaintiff; and (4) a promise, express or implied, by plaintiff to pay the balance due.

*Carroll v. Industries, Inc.*, 296 N.C. 205, 209, 250 S.E. 2d 60, 62 (1978). Further,

> [t]he jury may infer from the retention without objection of an account rendered for a reasonable time by the person receiving a statement of account that the person receiving the statement has agreed that the account is correct. . . . The retention by the defendant of the account did not of itself create a cause of action. It is a jury question as to whether the defendant by the retention of the statement of the account agreed that it was correct and agreed to pay it. In determining whether the defendant's failure to object to the account was an assent by the defendant to its correctness and an agreement to pay it, the jury may consider several things. Among the things to be considered are the nature of the transaction; the relation of the parties; their distance from each other, and the means of communication between them; their business capacity; their intelligence or want of intelligence; and the usual course of business between them. [Citations omitted.]

*Mahaffey v. Sodero*, 38 N.C. App. 349, 351, 247 S.E. 2d 772, 774 (1978).

Plaintiff's evidence here shows that he submitted a written statement to defendant for materials and labor, together with invoices for the materials, in March 1982. Approximately two weeks later plaintiff spoke with defendant by phone and defendant said that he "would be up here within two weeks and pay the bill." Defendant did not thereafter pay plaintiff, and, other than his promise to pay within two weeks, defendant never mentioned the bill until plaintiff instituted this action in September 1982.

We hold that the foregoing evidence, when considered in the light most favorable to plaintiff, is not insufficient as a matter of law to justify a verdict for plaintiff. *Dickinson, supra*, 284 N.C. at 583, 201 S.E. 2d at 902. From plaintiff's preparation of the statement for labor and materials together with invoices, the jury could reasonably infer that there was a calculation of the balance due. Plaintiff submitted the statement to defendant. The jury could reasonably infer an acknowledgment of the correctness of that statement by defendant's failure to object to the account within a reasonable time. Defendant expressly promised to pay the bill, and the jury could reasonably infer that he was promising to pay the stated balance due. Thus, following *Carroll, supra*, and *Mahaffey, supra*, plaintiff has produced sufficient evidence to create a jury question as to whether there was an account stated. Accordingly, the court did not err in denying defendant's motion for a directed verdict.

[2] Defendant contends the court should have submitted an issue based on the theory of an open account. Assuming, *arguendo*, that there was sufficient evidence to justify an instruction on an open account, we hold that the failure to give such an instruction was not prejudicial since the evidence supported, and the jury found, an account stated.

In general, a trial court "must submit all issues which are necessary to settle the material controversies arising out of the pleadings." *Winston-Salem Joint Venture v. City of Winston-Salem*, 65 N.C. App. 532, 537, 310 S.E. 2d 58, 62 (1983). An open account results where the parties intend that the transactions between them are to be considered as a connected series rather than as independent of each other, a balance is kept by adjust-

ment of debits and credits, and further dealings between the parties are contemplated. *Noland Co. v. Poovey,* 54 N.C. App. 695, 707, 282 S.E. 2d 813, 821 (1981). An account stated supersedes an open account, and thus the jury only could have found one or the other if instructed on both. *See Teer Co. v. Dickerson Inc.,* 257 N.C. 522, 530, 126 S.E. 2d 500, 506 (1962) (once an agreement as to the amount of balance is reached, the account stated constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items). *See also Mahaffey, supra,* 38 N.C. App. at 351, 247 S.E. 2d at 774. *See generally* 1 Am. Jur. 2d *Accounts and Accounting* Sec. 21 at 395 ("When the parties to an open account reach an agreement with respect to the totality of the transactions between them, the new transaction is called a 'statement' of the account, and the situation between the parties is called an 'account stated' . . . ."). Any open account that may have existed between the parties thus merged into and was superseded by the account stated. Accordingly, the failure to instruct on an open account did not harm defendant since his liability was established, in any event, on an account stated, and this liability superseded any liability on an open account. *See Paris v. Kreitz,* 75 N.C. App. 365, 377, 331 S.E. 2d 234, 243, *disc. rev. denied,* 315 N.C. 185, 337 S.E. 2d 858 (1985) (even if court erred by refusing to submit the issue of punitive damages, this error did not harm plaintiffs because there was no tortious conduct to which their claim for punitive damages could attach). *Cf. Noland Co., supra,* 54 N.C. App. at 706-07, 282 S.E. 2d at 821.

Defendant contends the court erred by denying his motion for a new trial based upon jury argument by plaintiff's counsel. We disagree.

Defendant informed the trial court that plaintiff's counsel had made the following (unrecorded) argument to the jury:

That the plaintiff does not contend that the plaintiff and the defendant did not meet in August of 1982 on the property of [defendant] to discuss objections that [defendant] had to the bill, however, the plaintiff does say that this conversation took place after the lawsuit in this case was filed in July of 1982.

He contended at trial, and contends here, that this argument was not based upon the record. However, he has not shown any

prejudice from the argument, even assuming that it was not based on the record. Accordingly, we hold that the court did not abuse its discretion by denying the motion for a new trial. *See Henderson v. Provident Life and Accident Ins. Co.*, 62 N.C. App. 476, 481, 303 S.E. 2d 211, 214 (1983) (ruling on motion for new trial reviewable only for abuse of discretion).

No error.

Judges PHILLIPS and MARTIN concur.