JANICE BARE v. TINA LOUISE BARRINGTON AND VERNON LESLIE TYNDALL

No. 8920SC656

(Filed 6 February 1990)

1. **Automobiles and Other Vehicles § 94.7 (NCI3d) — automobile accident — contributory negligence — intoxicated driver**

   The trial court erred in a negligence action arising from an automobile accident by refusing to submit the issue of con-

BARE v. BARRINGTON

[97 N.C. App. 282 (1990)]

tributory negligence to the jury where there was evidence tending to show that plaintiff and defendants had been socializing together at two different bars for approximately three hours prior to the accident; the defendant driver consumed eight or nine beers during that period according to her own testimony; and the investigating officer found empty beer containers inside the car and detected an odor of alcohol about the defendant driver immediately following the accident. Plaintiff's evidence that she did not see defendant driver having anything to drink that evening was for the jury to consider and weigh along with all of the other evidence presented.

**Am Jur 2d, Automobiles and Highway Traffic §§ 422-424.**

2. **Evidence § 51 (NCI3d) — automobile accident — blood test for alcohol not admissible**

The trial court in a negligence action arising from an automobile accident did not err by refusing to admit hospital records with respect to the blood test tending to show the amount of alcohol in the driver's blood immediately after the accident where defendants did not follow the guidelines set out in *Robinson v. Insurance Co.*, 255 N.C. 669.

**Am Jur 2d, Automobiles and Highway Traffic §§ 305, 306.**

APPEAL by defendants from *Mills, Judge.* Judgment entered 23 March 1989 in Superior Court, RICHMOND County. Heard in the Court of Appeals 8 January 1990.

This is a civil action wherein plaintiff seeks to recover damages for personal injury allegedly resulting from the negligence of defendants in the operation of a motor vehicle on 14 July 1985.

The evidence at trial tends to show the following: On the night of 14 July 1985, plaintiff went with some friends to a bar called Our Place in Hamlet, North Carolina. They arrived at the bar at approximately 8:30 p.m. Shortly thereafter, defendants, Vernon Tyndall and Tina Barrington entered the bar accompanied by another man, James Hayden. Mr. Tyndall and Mr. Hayden sat down at a table directly behind plaintiff and her friends while Ms. Barrington went to play pool. Then, Mr. Hayden bought some beer and went out to the car, and defendant Tyndall began talking to plaintiff. Defendants, plaintiff and Hayden stayed at Our Place for approximately one hour and a half. During that period of time,

BARE v. BARRINGTON

[97 N.C. App. 282 (1990)]

plaintiff saw defendant Tyndall consume three beers. Defendant Barrington also consumed three beers at Our Place, although plaintiff did not see her have anything to drink. Plaintiff and defendants then decided to go to the Lakeview Lounge which was approximately two to three miles from Our Place. Tyndall asked plaintiff to ride with him, Ms. Barrington and Mr. Hayden. They left Our Place in Tyndall's 1984 Oldsmobile automobile with Ms. Barrington driving and arrived at the Lakeview Lounge at approximately 10:30 p.m. Plaintiff and defendants stayed at the Lakeview Lounge for approximately one hour and twenty minutes. During that time, defendant Tyndall drank two beers, and defendant Barrington drank three beers. Plaintiff again did not see Ms. Barrington have anything to drink. The group decided to go to a "pig pickin' " in Ellerbe, North Carolina; and at approximately 11:40 p.m., plaintiff, defendants, and Hayden left the Lakeview Lounge in Tyndall's 1984 Oldsmobile automobile with Ms. Barrington at the wheel. Plaintiff was seated in the front seat between Ms. Barrington, the driver, and Mr. Tyndall, who was in the passenger's seat. Mr. Hayden had passed out and was lying down in the back seat. From the Lakeveiw Lounge, the group proceeded along rural paved road 1450 towards Ellerbe. Ms. Barrington was unfamiliar with the road which was curvy and wet that night. As the car rounded a sharp curve in the road, both plaintiff and Mr. Tyndall asked Ms. Barrington to slow the car down. Approximately one-half mile further down the road and as the car approached a fork in the road, Ms. Barrington lost control of the car going around another sharp curve and ran the car off the road causing it to crash into a tree situated in the fork between the roads, resulting in serious personal injury to plaintiff. Immediately after the collision, Trooper Joe Stanley of the North Carolina State Highway Patrol investigated the accident scene and found beer bottles and cans inside the car and detected an odor of alcohol about all of the occupants of the vehicle.

The following issues were submitted to and answered by the jury as indicated:

1. Was the plaintiff injured and damaged as a result of the negligence of the defendant Tina Louise Barrington?

ANSWER: YES.

2. If so, what amount, if any, is the plaintiff entitled to recover of the defendants?

BARE v. BARRINGTON

[97 N.C. App. 282 (1990)]

ANSWER: 136,000.00.

From a judgment on the verdict, defendants appealed.

*Charles W. Collini and Henry T. Drake for plaintiff, appellee.*

*George C. Bower, Jr., and H. P. Taylor, Jr. for defendant, appellant Tina Louise Barrington.*

*Griffin, Caldwell, and Helder, P. A., by C. Frank Griffin, for defendant, appellant Vernon Leslie Tyndall.*

HEDRICK, Chief Judge.

[1] Defendant contends in his second assignment of error argued on appeal that "[t]he trial court erred in refusing to submit the issue of contributory negligence to the jury when there was evidence that the plaintiff knew or should have known that defendant Barrington was intoxicated." Defendants assert that "a sufficient amount of evidence was presented to enable a reasonable person to find by a preponderance of the evidence that the plaintiff knew or should have known that the defendant Barrington was driving under the influence of an intoxicant." We agree.

"It is the duty of the trial judge without any special requests to instruct the jury on the law as it applies to the substantive features of the case arising on the evidence." *Millis Constr. Co. v. Fairfield Sapphire Valley*, 86 N.C. App. 506, 509, 358 S.E.2d 566, 568 (1987). "This means, among other things, that the judge must submit to the jury such issues as when answered by them will resolve all material controversies between the parties. . . ." *Harrison v. McLear*, 49 N.C. App. 121, 123, 270 S.E.2d 577, 578 (1980). "The failure to do so constitutes prejudicial error and entitles the aggrieved party to a new trial." *Scher v. Antonucci*, 77 N.C. App. 810, 811, 336 S.E.2d 434, 435 (1985). Furthermore, in addressing specifically the issue of a passenger's contributory negligence, our Supreme Court has stated:

> Ordinarily, the question of the contributory negligence of a guest in an automobile involved in a collision, is for the jury to decide in the light of all the surrounding facts and circumstances.

*Dinkins v. Carlton*, 255 N.C. 137, 141, 120 S.E.2d 543, 545 (1961), *quoting, Samuel v. Bowers*, 232 N.C. 149, 153, 59 S.E.2d 787, 789 (1950).

BARE v. BARRINGTON

[97 N.C. App. 282 (1990)]

The evidence presented in the instant case tending to show that: (1) plaintiff and defendants had been socializing together at two different bars for approximately three hours prior to the accident; (2) the defendant/driver consumed eight or nine beers during that period according to her own testimony; and (3) the investigating officer found empty beer containers inside the car and detected an odor of alcohol about the defendant/driver immediately following the accident was clearly sufficient to raise an inference from which the jury could find that plaintiff knew or should have known that defendant/driver, Tina Barrington, had been drinking, and her ability to operate a motor vehicle was appreciably impaired from having consumed alcohol immediately prior to plaintiff's getting into the automobile when they left the Lakeview Lounge to go to the "pig pickin.' " Plaintiff's evidence to the contrary that she did not see Ms. Barrington have anything to drink that evening was for the jury to consider and weigh along with all the other evidence presented. "Discrepancies and contradictions in the evidence . . . are to be resolved by the jury, not by the court." *Dinkins v. Carlton, supra,* 255 N.C. 137, 141, 120 S.E.2d 543, 545 (1961).

We find the issue of plaintiff's contributory negligence to have been clearly raised by the evidence presented at trial, and the trial judge's failure to submit that issue to the jury entitles defendants to a new trial.

[2]     Defendants also assign error to the refusal of the trial court to allow the introduction into evidence of the hospital records with respect to the blood tests tending to show the amount of alcohol in defendant Barrington's blood immediately after the accident giving rise to plaintiff's claim. Whether defendant Barrington was driving while impaired from the consumption of alcohol at the time of the accident is clearly relevant in this case, but our Supreme Court has established rules for the admission of evidence regarding tests tending to show the amount of alcohol in a party's blood. In *Robinson v. Insurance Co.,* the Supreme Court said:

> . . . [W]hether or not a blood test is admissible depends upon a showing of compliance with conditions as to relevancy in point of time, tracing and identification of specimen, accuracy of analysis, and qualification of the witness as an expert in the field.

*Robinson v. Insurance Co.,* 255 N.C. 669, 672, 122 S.E.2d 801, 803 (1961).

The Court did not err in refusing to admit the hospital records, as defendants contend, as business records. Defendants did not follow the guidelines set out in *Robinson*. This assignment of error has no merit.

For the error in not submitting an issue of contributory negligence to the jury, the case is remanded to the Superior Court for a new trial.

New trial.

Judges ARNOLD and WELLS concur.