FRANKLIN GRADING CO. v. PARHAM

[104 N.C. App. 708 (1991)]

---

FRANKLIN GRADING COMPANY, INC., PLAINTIFF v. DAVID PARHAM, DEROLD LEDFORD, OTTO MORTON, TODAY'S HOUSING CONCEPTS, INC., FOUR "R's," A N.C. PARTNERSHIP, AND OTHER PERSONS UNKNOWN AT THIS TIME WHO ARE PARTIES IN FOUR "R's," A N.C. PARTNERSHIP, DEFENDANTS

No. 9030SC1315

(Filed 17 December 1991)

1. **Accounts and Accounts Stated § 21 (NCI4th)— open account— evidence sufficient to warrant instruction**

    The evidence was sufficient to warrant an instruction on an open account, and the trial court erred in refusing to give such an instruction, where plaintiff's evidence showed that one of the defendants contacted the plaintiff to construct a road through a residential subdivision; plaintiff initially undertook to build a block out road for four-wheel drive vehicles, but expanded its construction plans upon plaintiff's request to build a finished road; plaintiff's president testified that he had told one of the defendants that he could add as many roads as he wanted because plaintiff was doing it on time

FRANKLIN GRADING CO. v. PARHAM

[104 N.C. App. 708 (1991)]

and material; after plaintiff began construction on the first road, defendant also requested that plaintiff construct a finished addition to a logging road and to construct two additional side roads; plaintiff performed work on the roads for approximately two months; plaintiff submitted a copy of the account to defendant at the end of two months; the account consisted of three pages of items and services charged to defendant's partnership on different dates; the managing partner admitted that the work performed by plaintiff was charged to an account at defendant in the name of the partnership; and defendant made six payments at irregular intervals over a period of a year and a half.

**Am Jur 2d, Accounts and Accounting §§ 4, 19.**

2. **Consumer and Borrower § 4 (NCI4th) — finance charges — no dispute — submission to the jury erroneous**

The trial court erred in an action on a debt by submitting to the jury the imposition of finance charges where there was no dispute that defendants owed some amount to the plaintiff and no dispute that defendants had received notification of the interest charge at some point. The issue submitted to the jury was, in effect, the question of whether there was notification of the finance charges, although the parties disputed only the date of notification.

**Am Jur 2d, Consumer and Borrower Protection §§ 271, 272.**

3. **Consumer and Borrower § 4 (NCI4th) — instruction that finance charge dependent upon finding of account stated — erroneous**

The trial court erred in an action on a debt by making the jury's consideration of an issue regarding the date of notification of a finance charge dependent upon a finding of account stated. Since the parties did not dispute that some amount was owed and that defendants had received notification, plaintiff was entitled to impose finance charges on the amount of credit actually extended, whether or not there was an account stated.

**Am Jur 2d, Consumer and Borrower Protection §§ 271, 272.**

APPEAL by plaintiff from Judgment entered 18 December 1990 by *Judge James U. Downs* in MACON County Superior Court. Heard in the Court of Appeals 17 September 1991.

FRANKLIN GRADING CO. v. PARHAM

[104 N.C. App. 708 (1991)]

*Philo & Spivey, P.A., by Steven E. Philo and David C. Spivey, for plaintiff appellant.*

*McKeever, Edwards, Davis & Hays, P.A., by Fred H. Moody, Jr.; and John F. Henning, for defendant appellees.*

COZORT, Judge.

In February or March 1984, plaintiff Franklin Grading Company (Franklin Grading) entered into a contract with defendant Four "R's," a partnership, to construct a road from a state highway through a residential subdivision owned by Four "R's." Franklin Grading submitted to Four "R's" a statement requesting payment of $13,077.35. Over a period of three years, Four "R's" made payments to Franklin Grading totaling $6,127.35. On 8 April 1988, plaintiff filed suit in Macon County Superior Court alleging that Four "R's" and its general partners were "indebted to the Plaintiff in the sum of $11,283.74 plus interest thereon at a rate of 1 1/2% per month from April 24, 1987, on an account." The case was tried before a jury on 20 April 1990. After a verdict for defendant, plaintiff appeals, alleging the trial court failed to properly instruct the jury. We reverse and remand for a new trial.

On appeal, plaintiff makes the following assignments of error: (1) the trial court erred in refusing to charge the jury on the issue of action on account; (2) the trial court erred in submitting the issue of imposition of finance charges to the jury; and (3) the trial court erred in making the consideration of the imposition of finance charges contingent upon a finding of account stated.

" 'It is the duty of the trial judge without any special requests to instruct the jury on the law as it applies to the substantive features of the case arising on the evidence. This means, among other things, that the judge must submit to the jury such issues as when answered by them will resolve all material controversies between the parties. . . . The failure to do so constitutes prejudicial error and entitles the aggrieved party to a new trial.' " *Bare v. Barrington,* 97 N.C. App. 282, 285, 388 S.E.2d 166, 167, *disc. review denied,* 326 N.C. 594, 393 S.E.2d 873 (1990) (citations omitted). In the case at bar, the trial court improperly refused to give the requested instruction on action on account.

The trial court submitted these issues to the jury, which were answered as follows:

FRANKLIN GRADING CO. v. PARHAM

[104 N.C. App. 708 (1991)]

ISSUE 1: Was the account dated May 30, 1984 an account stated between Franklin Grading Company, Inc., and the defendants?

ANSWER: NO

ISSUE 2: If so, did the account stated include a statement that finance charges would be imposed on any sums more than 30 days past due at the rate of $1\frac{1}{2}$% per month or 18% per annum?

ANSWER: _____

ISSUE 3: If so, which of the following dates was the notification of the imposition of the finance charges submitted by the plaintiff to the defendants?

a. May 30, 1984          _____
b. June 1, 1985          _____
c. January 1, 1986       _____

ANSWER: _____

ISSUE 4: Did Franklin Grading Company, Inc. commence this action before the expiration of the three-year statute of limitations?

ANSWER: _____

The trial court instructed the jury that "if you answered the first issue no, then that ends the lawsuit. You will not go on and consider any further issues."

Franklin Grading presented the following evidence: Franklin Grading is a North Carolina corporation in the road construction and grading business. Defendant Four "R's" is a general partnership. The remaining defendants, three individuals and a North Carolina corporation, are general partners of Four "R's." In March or February 1984 the managing partner of Four "R's" contacted Franklin Grading to construct a road from a state highway through a residential division. Defendant managing general partner initially requested plaintiff to construct a "block out" road for use by four-wheel drive vehicles, but later asked plaintiff to construct a finished longer road. Plaintiff undertook and completed the road in approximately two months. After the final work, on 18 May 1984 plaintiff prepared a statement of account reflecting a balance due of $13,077.35. This statement was mailed to the partnership and general partners. The following language appeared on the bottom of the statement:

Payment due upon receipt of invoice. On accounts over 30 days past due of invoice date, a service charge of 1½% per month will be charged. Annual percentage rate of 18%.

Franklin Grading's president discussed the bill item by item with two general partners who expressed surprise at the cost of the additional work but were satisfied with the explanation. Although stating that they could not pay the bill in lump sum, the general partners agreed to pay as lots in the subdivision were sold.

Defendants made six payments, totaling $6,127.35, on an irregular basis beginning 31 December 1984 and ending 24 April 1987. After the account bill was sent to defendant, there were several discussions between Franklin Grading and Four "R's" in which the managing general partner was informed that interest would be charged if the bill was not timely paid. Franklin Grading sent several notices and letters concerning the account. Defendant's managing partner failed to object to interest assessed on the account balance when presented with receipts upon making payments. The managing partner also promised that payment would be made once Four "R's" had sufficient funds.

Defendants presented the following evidence: Plaintiff's president agreed to construct a completed road for a total of $6,000.00. Plaintiff did not build all the roads it claimed to build and agreed to build additional side roads at no extra cost. The managing partner received the plaintiff's statement in May or June 1984, but the statement did not indicate that interest would be charged if the account was not paid in thirty days. Four "R's" managing partner telephoned plaintiff's president who said that he was almost too embarrassed to send the statement. Plaintiff's president and Four "R's" managing partner never reviewed the bill item by item because the plaintiff had agreed to perform the work for a fixed amount of $6,000.00. The managing partner wrote a letter to Franklin Grading protesting the amount greater than $6,000.00. Any amount paid to Franklin Grading in excess of the $6,000.00 was a mistake. Defendant's managing partner first saw the language indicating interest charge a year after receiving the first statement.

[1] The trial court properly instructed the jury on the issue of an account stated since there was some evidence to support such a finding. In *Woodruff v. Shuford*, 82 N.C. App. 260, 262, 346 S.E.2d 173, 174 (1986), the North Carolina Supreme Court set forth the following elements required to establish an account stated: "(1)

FRANKLIN GRADING CO. v. PARHAM

[104 N.C. App. 708 (1991)]

a calculation of the balance due; (2) submission of a statement to plaintiff; (3) acknowledgment of the correctness of that statement by plaintiff; and (4) a promise, express or implied, by plaintiff to pay the balance due." The defendant in *Woodruff* argued that under the facts of the case the trial court should have submitted an issue based on the theory of an open account. The Court summarized the law of accounts as follows:

> *An open account results where the parties intend that the transactions between them are to be considered as a connected series rather than as independent of each other, a balance is kept by adjustment of debits and credits, and further dealings between the parties are contemplated.* Noland Co. v. Poovey, 54 N.C. App. 695, 707, 282 S.E.2d 813, 821 (1981). An account stated supersedes an open account, and thus the jury only could have found one or the other if instructed on both. *See Teer Co. v. Dickerson, Inc.,* 257 N.C. 522, 530, 126 S.E.2d 500, 506 (1962) (once an agreement as to the amount of balance is reached, the account stated constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items). *See also Mahafey, supra,* 38 N.C. App. [349] at 351, 247 S.E.2d [772] at 774. *See generally,* 1 Am.Jur.2d *Accounts and Accounting* Sec. 21 at 395 ("When the parties to an open account reach an agreement with respect to the totality of the transactions between them, the new transaction is called a 'statement' of the account, and the situation between the parties is called an 'account stated' . . . .").

*Id.* at 263-64, 346 S.E.2d at 175 (emphasis added). Noting that any open account that may have existed between the parties had merged into the account stated, the Court concluded that the failure to instruct on an open account was not prejudicial since the defendant's liability on the account stated superseded any liability on an open account. *Id.*

Although an account stated supersedes an open account, we agree with plaintiff that a finding of no account stated does not preclude a finding of an action on account. Unlike an account stated, an action on account does not require that the parties agree to the amount of the debt.

Plaintiff relies upon *Kirby v. Winston,* 39 N.C. App. 206, 249 S.E.2d 882 (1978), to argue that the evidence was sufficient to

justify an instruction on action on account. In *Kirby*, plaintiff and defendant contracted for plaintiff to perform grading and hauling work on plaintiff's land. Upon completion of the work, plaintiff submitted a bill totaling $1,302.00 to defendant. Defendant responded by letter enclosing a $300.00 payment, indicating surprise at the final cost, and stating that he would forward additional payment the next month. Defendant, however, made no further payments and plaintiff filed suit alleging an account stated. Defendant's only defense was his contention that the amount charged was too great. The trial court concluded that the plaintiff was entitled to judgment on his claim but in an amount less than plaintiff sought. On appeal, this Court addressed the sole issue of whether the trial court erred in rendering judgment for an amount less than the full amount of the account stated. In finding that the trial court had no authority to reduce the amount awarded, this Court stated:

> The record before us clearly shows: (1) *the account in question was an open one*; (2) plaintiff billed defendant for the totality of the transactions between them; (3) the exact balance due plaintiff was stated as final; and (4) defendant made a payment on the account leaving a balance of $1,002.00 which he stated that he would pay.

*Id.* at 210, 249 S.E.2d at 884 (emphasis added).

In the case at bar, the jury found no account stated and made no further determinations. The evidence, however, was sufficient to warrant an instruction on an open account as defined in *Woodruff*. Plaintiff's evidence showed that one of the defendants, a general partner in Four "R's," contacted the plaintiff to construct a road through a residential subdivision owned by Four "R's." Although initially undertaking to build a block out road for four-wheel drive vehicles, upon defendant's request, plaintiff expanded its construction plans to build a finished road. A finished road required additional work such as putting in culverts, hydroseeding the banks, and laying gravel. Franklin Grading's president testified that, "I told [Mr. Parham] he could add on as many roads as he wanted to, he could make as many changes as he wanted to, and we was doing it on time and material. You know, it's up to him what he wanted." After plaintiff began construction on the first road, defendant also requested plaintiff to construct a finished addition to a logging road and to construct two additional side roads. Plaintiff performed work on the roads for approximately two months.

FRANKLIN GRADING CO. v. PARHAM

[104 N.C. App. 708 (1991)]

At the end of the two months, plaintiff submitted a copy of the account to defendant. The account consisted of three pages of items and services charged to Four "R's" on different dates beginning in March 1984 and ending May 1984. Four "R's" managing partner admitted that the work performed by Franklin Grading was charged to an account at Franklin Grading in the name of Four "R's" Partnership. Over a period of a year and a half, defendant made six payments at irregular intervals. From this evidence we conclude that a jury could find that the parties intended that the transactions between them to be considered as a connected series rather than independent of each other, a balance was kept by adjustment of debits and credits, and further dealings between the parties were contemplated. Since we find plaintiff's evidence sufficient to warrant a jury instruction on action on account, the trial court erred in refusing to give such instruction and plaintiff is entitled to a new trial.

[2] Plaintiff also argues that the trial court erred in (1) submitting the issue of the imposition of finance charges to the jury, and (2) making consideration of that issue contingent upon a finding of an account stated. Plaintiff argues that since there was no dispute defendants owed some amount to the plaintiff and no dispute defendants had received notification of the interest charge at some point, that as a matter of law plaintiff was entitled to finance charges. The only factual determination remaining for the jury, plaintiff argues, was the date the finance charges began to accrue. We agree with plaintiff.

The trial court instructed the jury that the plaintiff was entitled to finance charges even if there has been no express prior agreement so long as plaintiff proved by the greater weight of the evidence that defendants had received notification of the imposition of finance charges on the amount allegedly owed. The trial court submitted two issues concerning the finance charges:

ISSUE 2: If so, did the account stated include a statement that finance charges would be imposed on any sums more than 30 days past due at the rate of 1½% per month or 18% per annum?

ANSWER: _____

ISSUE 3: If so, which of the following dates was the notification of the imposition of the finance charges submitted by the plaintiff to the defendants?

        a. May 30, 1984              _____
        b. June 1, 1985               _____
        c. January 1, 1986           _____

The trial court " 'must submit to the jury such issues as when answered by them will resolve all material controversies between the parties. . . .' " *Bare*, 97 N.C. App. at 285, 388 S.E.2d at 167. Issue 2, in effect, submitted to the jury the question of whether there was notification of the finance charges. Although the evidence shows that the parties disputed the date of notification, there was no dispute that the defendants received notification. Therefore, the issue of whether defendants received notification was not a material controversy between the parties. Thus, the submission of Issue 2 to the jury was in error.

[3]   We also agree with plaintiff that the trial court erred in making the consideration of Issue 3 dependent upon a finding of account stated. Since the parties did not dispute that some amount was owed and that defendants had received notification, plaintiff was entitled to impose finance charges on the amount of credit actually extended, whether or not there was an account stated. The factual issue for the jury to determine is when the finance charges began to accrue. The trial court can then compute the finance charges due plaintiff upon the jury's finding as to whether the agreement was to build the road for a fixed sum of $6,000.00, as alleged by defendant, or for its actual cost, $13,077.35, as contended by plaintiff.

Reversed and remanded for a new trial.

Judges ORR and LEWIS concur.