SHIELDS, INC., PLAINTIFF/APPELLANT v. METRIC CONSTRUCTORS, INC., EQUITABLE VARIABLE LIFE INSURANCE COMPANY AND THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, DEFENDANTS/APPELLEES, AND METRIC CONSTRUCTORS, INC., THIRD-PARTY PLAINTIFF v. AI GROUP, INC., THIRD-PARTY DEFENDANT/CROSS-APPELLANT

No. 9121SC488

(Filed 2 June 1992)

1. **Contractors § 42 (NCI4th)— change of roofing materials— contractor's refusal to pay — instruction on subcontractor's contributory negligence**

    In an action arising from a change in roofing materials for which the contractor refused to pay the subcontractor, the trial court's instruction on the subcontractor's contributory negligence failed to adequately set forth the relevant standard of care to which a subcontractor such as plaintiff would be held in submitting a bid under these circumstances. Additionally, even if the instruction was proper, the negligence issues only bear upon whether the subcontractor satisfied its duty under the contract to independently verify the accuracy of the plans and submit its bid accordingly and would not be a complete bar to the subcontractor's recovery.

    **Am Jur 2d, Building and construction contracts § 26.**

2. **Contractors § 42 (NCI4th)— change in roofing materials— refusal of contractor to pay subcontractor — instruction on quantum meruit required**

    There was prejudicial error warranting a new trial where the trial court did not instruct the jury on theories of recovery under contract and quantum meruit in an action arising from a change in roofing materials which was not in writing and for which the contractor refused to pay the subcontractor. The trial court had a duty to instruct the jury on the law as it applies to the substantive features of the case arising from the evidence without any specific requests by the parties.

    **Am Jur 2d, Building and construction contracts § 26.**

APPEAL by plaintiff and cross-appeal by AI Group, Inc. from judgment entered 26 October 1990 by *Judge James A. Beaty, Jr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 16 March 1992.

SHIELDS v. METRIC CONSTRUCTORS, INC.

[106 N.C. App. 365 (1992)]

Defendant Metric Constructors, Inc. was the general contractor on a hotel project at Duke University and plaintiff Shields was a subcontractor on the project. Sometime before 14 June 1987 a representative from Metric notified plaintiff of a contract it had to build this project. Plaintiff was thereby asked to submit a bid on portions of the work including the drywall, acoustical ceilings, exterior finish system and light gauge framing on the roof. It was supplied with some structural drawings, architectural drawings and specifications prepared by AI Group in order to prepare its bid. The structural drawings bore the stamp and seal of a North Carolina professional engineer which signified that the plans had been reviewed and determined to be correct. The drawings called for the use of 20 gauge material for construction of the roof.

After plaintiff's bid was accepted by Metric, plaintiff began its work on the project. The parties later signed a formal subcontract which was prepared by Metric. Under this contract plaintiff was not responsible for the design and engineering of the roof system. However, plaintiff was required to submit roof shop drawings detailing how it intended to construct the roof and calculations of a registered professional engineer confirming the accuracy and feasibility of the design. It thereby retained the services of Gene Farach, an engineer licensed in North Carolina and an expert in structural engineering with a specialty in light gauge.

Upon reviewing the design documents, Farach found that the 20 gauge material shown on the structural drawings would not withstand the wind loads required by the North Carolina Building Code. Further, the structural drawings did not show bridging between trusses and did not provide any information about the sizes or number of screws necessary to make connections between the studs to be used to construct the trusses.

Subsequently, Farach met with Metric's project engineer to discuss these problems. Farach submitted a new set of roof drawings showing a change from 20 gauge material to 18 gauge material and suggested some other changes in the design. Farach ultimately prepared a new set of plans with the changes, which were actually followed in the construction of the roof.

Approximately three weeks before plaintiff started construction on the roof it advised Metric that there would be additional cost to change from 20 gauge material to 18 gauge material. The subcontract required any change in the work effecting the cost

of the project to be agreed upon in writing prior to beginning performance. The parties discussed the possibility of ceasing work and obtaining a change order but decided against it. Thus, although no change order was submitted to Metric, plaintiff alleges it was advised to proceed with the new plans drawn by Farach, thereby incurring additional expenses of $136,976.62 in constructing the roof.

On 17 January 1989 plaintiff filed a complaint against Metric for compensation for the additional costs incurred in constructing the roof. Metric denied liability and counterclaimed for damages incurred due to plaintiff's conduct. Metric also filed a third-party complaint against AI Group seeking indemnity in the event Metric was found liable to plaintiff for damages resulting from any alleged defect in the roof plans prepared by AI Group. Metric and AI Group stipulated in the pre-trial order that if the jury found Metric liable to plaintiff for extra expense incurred in performing its work because of defective and/or incomplete plans for construction of the light gauge roof system, then AI Group would indemnify Metric on its third-party complaint.

At the close of its evidence, plaintiff moved pursuant to Rule 15 to amend its pleadings to conform to the evidence by asserting a claim for negligent design, which was allowed. The trial court submitted issues of negligence and contributory negligence to the jury and a verdict was returned in defendants' favor. From that verdict plaintiff appeals. AI Group cross-appeals the denial of its motion for directed verdict.

*Hendrick, Zotian, Cocklereece & Robinson, by T. Paul Hendrick and William A. Blancato, for plaintiff appellant/cross-appellee.*

*Moore & Van Allen, by William E. Freeman, for defendant appellee Metric Constructors, Inc.*

*Carruthers & Roth, P.A., by Grady Shields; and Lightmas & Delk, Atlanta, GA, by Glenn A. Delk, for appellee/cross-appellant AI Group, Inc.*

WALKER, Judge.

Plaintiff brings forth eight assignments of error for this Court to consider on appeal. Of these, we find it only necessary to address the issue of the trial court's jury instructions, which is the focus of six of plaintiff's eight contentions.

SHIELDS v. METRIC CONSTRUCTORS, INC.

[106 N.C. App. 365 (1992)]

The issues submitted and answered were as follows:

1. Was the plaintiff, Shields, Inc., in making this bid on the Duke Hotel Project damaged by the negligence of the defendants, Metric and AI Group, in providing an engineering design for the roof trusses in any one or more of the following manners:

ANSWER: Yes

1(a) Did the contract documents provided by the defendants consisting of drawings and specifications fail to comply with the North Carolina Building Code as it relates to the required gauge construction of material and wind load conditions for the roof trusses in this case?

ANSWER: No

1(b) Did the contract documents provided to Shields, Inc., prior to its bid on the Duke Hotel Project fail to present sufficient instructions on bridging, bracing and connections in order for Shields to bid and build roof trusses as designed and described in all of the original contract documents?

ANSWER: Yes

2. Did the plaintiff by its own negligence contribute to its own injury?

ANSWER: Yes

3. What amount, if any, is the plaintiff, Shields, Inc., entitled to recover of the defendants?

ANSWER: 0

Under the second group of issues submitted, the jury awarded damages to plaintiff for the services of Gene Farach in reviewing the work performed on this project.

Pursuant to plaintiff's amended complaint asserting a claim in negligence, the issues framed by the trial court for the jury focused on the theories of negligence and contributory negligence. Plaintiff contends Metric was negligent in supplying it with drawings and designs which were either incomplete or in noncompliance with the North Carolina Building Code, knowing that it would

rely on said documents when calculating and submitting its bid. On the other hand, Metric argues plaintiff was contributorily negligent in failing to use reasonable care by independently verifying the accuracy and feasibility of the plans submitted by Metric.

[1] Since plaintiff does not dispute the trial court's instruction on the issue of negligence we do not consider it on this appeal. With regard to the contributory negligence issue the trial court instructed:

> The defendant contends and the plaintiff denies that the plaintiff was negligent in submitting a bid for the construction of the roof trusses on the Duke hotel project as designed by the contract documents without having sufficient information in order to make an effective bid and that in so acting the plaintiff failed to use reasonable care in submitting its bid.

> The defendant further contends and the plaintiff denies that the plaintiff's negligence was a proximate cause of and contributed to the plaintiff's own damage.

> Finally as to this contributory negligence issue, I instruct you that if you find that the defendant has proved by the greater weight of the evidence that the plaintiff in making its bid was negligent in any one or more of the ways which I have indicated to you and if the defendant has further proved by the greater weight of the evidence that such negligence was a proximate cause of and contributed to the plaintiff's own damage, then it would be your duty to answer this second issue "yes" in favor of the defendant.

This instruction, while stating the contentions of defendant, fails to adequately set forth the relevant standard of care to which a subcontractor such as plaintiff should be held in submitting a bid under these circumstances. Additionally, even if the instructions as to contributory negligence were proper, the answering of this issue in favor of defendant Metric would not be a complete bar to plaintiff's recovery, since the negligence issues only bear upon whether plaintiff satisfied its duty under the contract to independently verify the accuracy of the plans and to submit its bid accordingly.

[2] Plaintiff contends that when Metric was informed that the new drawings prepared by Gene Farach specified 18 gauge material it advised plaintiff to go forward with this work and waived the

provision requiring a written change order. We agree with plaintiff that an issue arises from this evidence as to whether or not plaintiff and Metric entered into an agreement, either express or implied, that 18 gauge material would be substituted for the 20 gauge material specified in Metric's drawings and designs. It is undisputed that the roof with 18 gauge is structurally more sound than a roof with 20 gauge material and that Metric received the benefit thereof, yet plaintiff has not been compensated for its work. Furthermore, *quoting* from *J. R. Graham and Son, Inc. v. The Randolph County Board of Education*, 25 N.C.App. 163, 212 S.E.2d 542, *cert. denied*, 287 N.C. 465, 215 S.E.2d 623 (1975), this Court stated in *W. E. Garrison Grading Co. v. Piracci Construction Co., Inc.*, 27 N.C.App. 725, 729, 221 S.E.2d 512, 515 (1975), *disc. review denied*, 289 N.C. 296, 222 S.E.2d 695 (1976):

> 'The provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived. . . . This principle has been sustained even where the instrument provides for any modification of the contract to be in writing.' (Citations omitted.)

Insofar as the evidence would support a claim in contract or *quantum meruit*, the trial court had a duty, without any specific requests by the parties, to instruct the jury on the law as it applies to the substantive features of the case arising from the evidence. *Millis Construction Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C.App. 506, 358 S.E.2d 566 (1987). " 'This means, among other things, that the judge must submit to the jury such issues as when answered by them will resolve all material controversies between the parties.' " *Bare v. Barrington*, 97 N.C.App. 282, 285, 388 S.E.2d 166, 167, *disc. review denied*, 326 N.C. 594, 393 S.E.2d 873 (1990). (Citations omitted). Since the inferences from plaintiff's evidence support theories of recovery under contract and *quantum meruit*, the failure of the trial court to so instruct the jury on these substantial features of the case constitutes prejudicial error warranting a new trial. *Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 87 N.C.App. 438, 361 S.E.2d 608 (1987), *disc. rev. denied*, 326 N.C. 801, 393 S.E.2d 898 (1990); *Hood v. Faulkner*, 47 N.C.App. 611, 267 S.E.2d 704 (1980).

Vacated and remanded for new trial.

Chief Judge HEDRICK and Judge ORR concur.