J. W. KIRBY v. DR. NAT WINSTON

No. 7825DC66

(Filed 19 December 1978)

**Accounts § 2— account stated—judgment for less than amount of account—error**
      Where the trial court found that plaintiff performed grading work for
   defendant and billed him for $1302, defendant did not object but paid $300 and
   promised to pay more the following month, and plaintiff then billed defendant
   for the balance of $1002 which defendant did not pay, the trial court erred in
   entering judgment for plaintiff for $600 instead of $1002.

APPEAL by plaintiff from *Tate, Judge*. Judgment entered 22
August 1977 in District Court, CALDWELL County. Heard in the
Court of Appeals 23 October 1978.

Plaintiff filed his complaint alleging that he had performed
certain work for defendant on his land in the amount of $1,302.00;
that defendant had paid him $300.00 on the debt due and that
plaintiff was entitled to recover $1,002.00 from defendant plus in-
terest. Plaintiff attached defendant's letter to his complaint which
reads:

"1 June '74

Dear Sir:

      Enclosed is a check for $300.00 partial payment on my
   bill. I was much surprized at the cost of the work—not ex-
   pecting it to cost more than $500.00 or so. I want to get up
   there and take a look & will forward additional payment next
   month.

Sincerely,
s / NAT WINSTON"

Defendant answered, denying the material allegations of the
complaint and asserting as a defense:

"That if the plaintiff did furnish labor and/or services for the defendant, which is specifically denied, the same were not performed in a workmanlike manner, the value of such labor and/or services of the plaintiff have been fully paid and the plaintiff fully satisfied therefor."

Judgment was entered in favor of the plaintiff for $600.00 plus interest from 22 April 1974. Plaintiff appealed.

*L. H. Wall and Walton Peter Burkhimer, for plaintiff appellant.*

*Seegers & Kilgore, by Joseph W. Seegers, for defendant appellee.*

ERWIN, Judge.

The trial judge entered the following order:

"JUDGMENT (Filed Sept. 12, 1977)

THIS CAUSE, coming on to be heard and being heard before the Honorable SAMUEL MCD. TATE, Judge Presiding over the 22 August 1977, Civil Session of the District Court for Caldwell County, North Carolina; and the court, sitting as judge and jury, finds the following facts.

\*    \*    \*

2. Prior to 22 April 1974, defendant contracted with plaintiff for plaintiff to do grading and hauling work on the above described Avery County lands owned by defendant.

\*    \*    \*

4. On 22, 23, 24, 25 and 26 April 1974 plaintiff and his helper, using a front end loader for 36.5 hours at $20.00 per hour and a dragline for 26.0 hours at $22.00 per hour, performed the work for which defendant contracted that plaintiff should do on the lands of the defendant.

5. Upon completion of said labor upon the lands of defendant, plaintiff rendered to defendant a statement for the $1302.00 due to plaintiff from defendant therefor, to which statement defendant did not object.

---

**Kirby v. Winston**

---

6. On or about 1 June 1974 defendant paid to plaintiff $300.00 on the above statement of account and promised to pay more in July.

7. In spite of many billings for payment of the $1,002.00 balance due on said account stated, defendant made no further payments.

8. Suit on said account stated was filed on about 23 August 1976.

9. Defendant's evidence showed that his only defense to plaintiff's claim is that he thought that the amount billed was too much.

WHEREFORE, based upon the foregoing findings of fact, the court concludes as matters of law that:

1. Plaintiff is entitled to judgment on his claim against defendant.

\*    \*    \*

NOW, THEREFORE, it is ORDERED, ADJUDGED and Decreed that:

1. Plaintiff have and recover of defendant the sum of $600.00 with interest thereon at the legal rate of six (6%) percentum per annum from 22 April 1974 until paid in full.

\*    \*    \*

This 26th day of August, 1977.

s / SAMUEL MCD. TATE
Judge Presiding"

The record on this appeal presents one question for our determination: "Was it error for judge to render judgment for amount less than the full amount of the accounted [sic] stated shown in the findings of fact and conclusions of law?"

The plaintiff contends that the judgment of $600.00 is contrary to the judge's findings of fact and that he had established an account stated on two theories: (1) defendant's failure to object to the statement submitted, and (2) defendant's partial payment and promise to pay more.

We agree with plaintiff and remand this case to the trial court to enter judgment in the amount of $1,002.00.

"When the parties to an open account reach an agreement with respect to the totality of the transactions between them, the new transaction is called a 'statement' of the account, and the situation between the parties is called an 'account stated,' which may be broadly defined as an agreement based upon prior transactions between the parties, with respect to the correctness of the separate items composing the account, and the balance, if any, in favor of the one or the other. . . . To effect an account stated the outcome of the negotiations must be the recognition of a balance due from one of the parties to the other with a promise, express or implied, to pay that balance. . . .

The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular items." 1 Am. Jur. 2d, Accounts and Accounting, § 21, pp. 395-97.

Our Supreme Court held in *Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 530-31, 126 S.E. 2d 500, 506-07 (1962):

"The following succinct statement of the law with reference to account stated appears in *Little v. Shores*, 220 N.C. 429, 17 S.E. 2d 503: 'To constitute a stated account there must be a balance struck and agreed upon as correct after examination and adjustment of the account. However, express examination or assent need not be shown—it may be implied from the circumstances. * * * An account becomes stated and binding on both parties if after examination the party sought to be charged unqualifiedly approves of it and expresses his intention to pay it. * * * The same result obtains where one of the parties calculates the balance due and submits his statement of account to the other who expressly admits its correctness or acknowledges its receipt and promises to pay the balance shown to be due, * * * or makes a part payment and promises to pay the balance. * * * It is accepted law in this jurisdiction that when an account is rendered and accepted, or when so rendered there is no protest or objection to its correctness within a reasonable time,

such acceptance or failure to so object creates a new contract to pay the amount due.'"

The record before us clearly shows: (1) the account in question was an open one; (2) plaintiff billed defendant for the totality of the transactions between them; (3) the exact balance due plaintiff was stated as final; and (4) defendant made a payment on the account leaving a balance of $1,002.00 which he stated he would pay. The trial court found that plaintiff billed defendant for $1,002.00 after his payment of $300.00 on 1 June 1974.

The record does not show any fraud, mistake, or want of consideration on the part of the parties. The trial judge did not have any authority, on the record before us, to reduce the amount stated to the sum of $600.00.

This case is remanded to the District Court for entry of judgment for the plaintiff in the amount of $1,002.00 with interest thereon at the legal rate of six percent (6%) per annum from 22 April 1974 until paid in full. Defendant is taxed with cost.

Remanded to enter proper judgment.

Judges MORRIS and ARNOLD concur.