898 F.2d 418
 16 Fed.R.Serv.3d 152
 FRANK M. McDERMOTT, LTD., A Virginia Corporation, Plaintiff-Appellee,
v.
J. Douglas MORETZ; Moretz & Silverman, P.A.; J. Douglas
Moretz, P.A., Defendants-Appellants,
and
Jack Michael Haley, Individually and as Administrator of the
Estate of Patrick Shawn Haley; Betty M. Hennings,
Individually and as Administrator of the Estate of John T.
Hennings; Belinda D. Hennings, Individually and as
Administrator of the Estate of Howard C. Hennings, Defendants.
 No. 88-3671.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 31, 1989.
Decided March 12, 1990.
Rehearing and Rehearing In Banc Denied April 13, 1990.
 
 1
 J. Douglas Moretz, Sanford, N.C., for defendants-appellants.
 
 
 2
 Randolph M. James (McCall & James, Winston Salem, N.C., on brief) for plaintiff-appellee.
 
 
 3
 Before MURNAGHAN, Circuit Judge, WINTER, Senior Circuit Judge, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 
 SMALKIN, District Judge:
 
 4
 This is an appeal from a jury verdict in favor of an aviations expert, Frank M. McDermott, in his diversity action against attorney J. Douglas Moretz (and his law firm) on an account stated, relating to McDermott's performance of expert-witness services for Moretz in connection with the latter's prosecution of an unrelated civil case.
 
 
 5
 This action was commenced in the United States District Court for the Western District of North Carolina on July 20, 1987. It was answered after an extension had been granted on September 9, 1987, together with a motion to change the venue to the Middle District of North Carolina, which was granted. On September 27, 1987, the case was received in the Middle District, and a pre-trial order was entered calling for discovery to be completed by February 18, 1988, and scheduling an arbitration proceeding for April 14, 1988. Discovery was conducted prior to the arbitration, and among the materials furnished defendant-appellant were copies of plaintiff-appellee's time sheets. (Appellant now claims the copies were illegible, although he does not claim that they were intentionally made so or that they were not accurate copies of the originals.)
 
 
 6
 The arbitrator's award did not go in appellant's favor. Accordingly, appellant filed a demand for trial de novo, and the district judge held a final pre-trial conference on September 1, 1988. At the conference, appellant, for the first time, expressed dissatisfaction with the materials he had been provided in discovery, and he demanded to see appellee's exhibit book, containing originals of, inter alia, the time sheets. Apparently, appellee's counsel did not have the exhibit book handy at the pre-trial conference, as the minute order entered thereon provides, in pertinent part: "The plaintiff will furnish to the defendant that booklet on or before September 3, 1988, and the defendant may make such copies as it wishes and return the booklet to the plaintiff by October 2, 1988. The case was set for trial November 14, 1988, 9:30 a.m. in Durham."
 
 
 7
 The next event of import was the simultaneous filing of appellant's motion to amend his answer to set up the defense of, and a counterclaim for, fraud and his motion for summary judgment on the claim-in-chief, all on October 5, 1988. On October 31, 1988, two weeks before trial, appellee duly opposed both motions, pointing out appellant's complete silence with regard to discovery materials from the time discovery had closed in February 1988, through arbitration, until barely six weeks before trial. The district judge denied appellant's motions in an unrecorded telephone conference shortly before commencement of the trial. Trial was held November 14-15, 1988, resulting in a jury verdict in excess of $15,000 (including interest) in appellee's favor on the jury's special finding that there had in fact been an account stated between the parties.
 
 
 8
 Appellant's principal assignment of error arises from the denial of his motion to amend the answer to set up the defense of fraud and to assert a fraud counterclaim. The wellspring for appellant's motion was his examination of appellee's exhibit book, which led him, for the first time, to question the bona fides of appellee's bills and time sheets. His paralegal's affidavit in support of summary judgment reflected her analysis of the time sheets, which, she claimed, demonstrated about 100 hours of overbilling.
 
 
 9
 The Court first addresses the counterclaim aspect of appellant's contentions. There is no doubt that the counterclaim sought to be pleaded in the amended answer was a compulsory counterclaim, as defined in Fed.R.Civ.P. 13(a). When a defendant fails to set up a compulsory counterclaim in the answer, leave of court must be obtained to set it up by amendment to the answer, and leave will be granted if the omission was due to oversight, inadvertence, or excusable neglect, or when justice otherwise so requires. Fed.R.Civ.P. 13(f). There is authority for the proposition that omitted compulsory counterclaims should be liberally permitted to be set up by amendment, in order to further the policy of efficient disposition of all disputes arising from a single transaction in a single judicial proceeding. See 6 C. Wright & A. Miller, Federal Practice and Procedure: Sec. 1430, at 157-58 (1971). The court will usually be influenced in its decision on this issue by whether the movant has shown excusable neglect, by the nature of the oversight, and, most importantly, by the degree of prejudice to the opposing party. Id. In this case, the dilatory conduct of the defendant, an attorney, in relying upon illegible documents throughout the course of discovery, during arbitration, and until the eve of trial would appear to be inexcusable neglect.[1] There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Citing Professor Moore's treatise on federal practice, Judge Alvin Rubin so held in Laitram Corp. v. Deepsouth Packing Co., 279 F.Supp. 883, 887 (E.D.La.1968) (citing 3 Moore's Federal Practice p 15.08. As Judge Rubin cogently put it, "[i]n pleading as in geometry the shortest distance between two points ought to be a straight line. There is no reason why the lack of merit in the proposed counterclaim cannot now be considered." Id.
 
 
 10
 The proposed counterclaim sets forth four allegations and an ad damnum. The allegations are as follows:
 
 
 11
 1. The plaintiff made false representations regarding the amount of time he claimed to have expended on defendant's behalf.
 
 
 12
 2. The false representations were known by the plaintiff to be false, fraudulent and grossly overstated.
 
 
 13
 3. The plaintiff made the false and grossly overstated misrepresentations for the malicious and greedy purpose of over-billing the defendant and charging the defendant for time that the plaintiff never expended on any matter for the defendant.
 
 
 14
 4. By reasons of such false and fraudulent representations, defendant has been proximately damaged.
 
 
 15
 This pleading, attempting to set up a cause of action for fraudulent misrepresentation, plainly would have been subject to a successful motion to dismiss under Fed.R.Civ.P. 12(b)(6). It is well settled under North Carolina law (applicable here, see Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)) that a complaint claiming fraud is fatally defective unless it alleges detrimental reliance, and damages proximately flowing from such reliance, with particularity. Foley v. L & L International, Inc., 88 N.C.App. 710, 714, 364 S.E.2d 733, 736 (1988) (applying the North Carolina analogue to Fed.R.Civ.P. 9(b)). Consequently, the district judge did not err in disallowing the proposed counterclaim. Laitram, 279 F.Supp. at 887.
 
 
 16
 This Court's analysis, though, convinces it that the district judge erred in disallowing the additional defense of fraud to be set up by way of amendment to appellant's answer. While a court may consider a defendant's delay and the reasons for it in deciding whether to allow a new defense to be set up by amendment under Fed.R.Civ.P. 15(a), it is clear that delay is a secondary consideration, in that it cannot block an amendment which does not prejudice the opposing party. See generally 6 C. Wright & A. Miller, supra, Sec. 1488. Although appellant's delay inexcusably and intolerably frustrated the purpose of the Middle District's arbitration program, appellee has not been able to demonstrate any prejudice that would have accrued to it had defendant been allowed to set up the defense of fraud. The claim of fraud as a defense was based entirely on documents taken from plaintiff's own records, and no additional discovery would have been necessary, nor would additional third-party witnesses have been required to testify on the issue.
 
 
 17
 While this Court, consistent with the reasoning set forth in the analysis ante relating to the proposed counterclaim, would not hold an amendment to be in order if it asserted a facially meritless defense, the defense sought to be set up here, as distinguished from the counterclaim, was not facially meritless.[2] An account stated is a species of contract action, in which the plaintiff must prove that the defendant agreed to pay a specific account to the plaintiff. Kirby v. Winston, 39 N.C.App. 206, 249 S.E.2d 882 (1978). In Kirby, the North Carolina appellate court intimated that fraud may be a defense to an action on an account stated. Id. at 210, 249 S.E.2d at 884. Although the Kirby court did not specify the quantum or nature of fraud that need be shown to defend against an action on an account stated, it appears well settled that a fraudulent account said to have been stated between the parties may successfully be defended against by impeaching the account on the grounds, inter alia, that it was fraudulent. Veneri v. Draper, 22 F.2d 33, 37 (4th Cir.1927), cert. denied, 276 U.S. 633, 48 S.Ct. 339, 72 L.Ed. 742 (1928). It stands to reason that no particular reliance need be shown to make out this defense, because the defense is one that simply prevents the account creditor from profiting from its fraudulent statement of the account. In such cases, the defense goes to the voidability of the account debtor's assent to the stated account, and it constitutes an affirmative defense vitiating such assent as might have been given. Cf. Contech Architects & Engineers, Inc. v. Courshon, 180 Ind.App. 77, 91, 387 N.E.2d 464, 472 (1979). Thus, unlike an action seeking affirmative relief on the grounds of fraud, a defense of fraud may be set up without a showing of particular reliance, simply to prevent the injustice of allowing recovery on a fraudulently stated account. Issue could timely have been joined on this defense, and the matter readily tried, without delaying the orderly course of proceedings settled on at the pre-trial conference. Consequently, we conclude that the district court erred in disallowing the amendment to the answer insofar as it attempted to raise the defense of impeachment of the account stated on the grounds of fraud, and the case must be remanded for retrial.
 
 
 18
 We briefly address the other contentions raised by appellant. Appellant's evidentiary contention need not be reached on the merits, because it involves an issue that is unlikely to recur on retrial, given that the basis for the district court's ruling on the matter was its view that fraud was simply not in the case. On remand, the issue of fraud, as a defense, will be in the case.
 
 
 19
 Finally, we do address on the merits appellant's third and last assignment of error, viz., that the district court erred in allowing defendant Moretz to represent himself and his law firm, while both were also represented by retained counsel. In this case, because the defendant and his firm were represented by retained counsel, defendant Moretz had no right to proceed pro se. O'Reilly v. New York Times Co., 692 F.2d 863, 868 (2d Cir.1982). Cf. United States v. Zielie, 734 F.2d 1447, 1454 (11th Cir.1984), cert. denied sub nom. Gustafson v. United States, 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985). In order for defendant Moretz to have proceeded pro se he must have immediately discharged the other attorneys who had filed appearances on his behalf. O'Reilly, 692 F.2d at 868. See also Lanigan v. LaSalle National Bank, 609 F.Supp. 1000, 1002 (N.D.Ill.1985).
 
 
 20
 In sum, then, we affirm the district court's refusal to allow an amendment to set up the counterclaim of fraud, reverse the district court's refusal to allow an amendment setting up the defense of impeachment by fraud, and remand for the entry of an order allowing amendment of the answer to set up such defense and for retrial on the issues joined under such amended answer.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
 
 
 22
 HARRISON L. WINTER, Senior Circuit Judge, concurring and dissenting:
 
 
 23
 I am in agreement with all of what is decided in the majority opinion except for the court's affirmance of the order denying the defendants leave to amend their answer so as to allege a counterclaim for fraud. I think that this order should be reversed. Given that the case is to be returned to the district court for a new trial, I think that in any event we should allow the amendment now.
 
 
 24
 I respectfully dissent with respect to this one aspect of the appeal.I.
 
 
 25
 Defendants sought to amend their answer to assert the defense of fraud and a counterclaim for fraud approximately one month before trial and approximately one month after they had obtained access to plaintiff's actual time sheets, which showed corrections and suspicious entries suggesting that fraud may have been practiced. The district court, without assigning any reason, denied leave to amend. It is well settled that denial of a motion to amend without advancing any justifying reason constitutes a clear abuse of discretion, unless the record reflects an obvious reason to deny the motion. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Moreover, we have repeatedly held that delay, without "specifically resulting prejudice" or futility, or without any purpose to harass the opponent, is not a sufficient reason for denial of leave to amend. Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir.1987); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). Here, neither the district court nor the plaintiff pointed to any possible prejudice that would result if leave to amend were granted. The record reflects no such prejudice or bad faith either. Trial was still one month away, no new discovery would have been required, and the facts upon which the proposed counterclaim was based were well known to the plaintiff. See Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1044 (4th Cir.1984) (motion to amend may be granted on eve of trial because defendant "has been aware since the filing of the [plaintiff's] complaint of the circumstances from which the [proposed added claim] arose").
 
 
 26
 In an effort to avoid the applicable rule, the majority argues that the proposed allegations would not set forth a cause of action under applicable North Carolina law for fraud because detrimental reliance was not specifically alleged by defendants. However, we have stated previously that leave to amend should only be denied on the ground of futility "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. Even considering the requirements of North Carolina law, I think the proposed counterclaim was not patently frivolous, as any detrimental reliance can be inferred from the proposed pleadings. More importantly, I note that the pleading requirements with which the defendants must conform are set out not in the substantive law of North Carolina, but rather in the Federal Rules of Civil Procedure, and specifically in Rule 9(b), which governs "all averments of fraud." See generally Bowers v. Firestone Tire & Rubber Co., 800 F.2d 474, 479 (5th Cir.1986) ("While substantive questions ... are resolved by applying the relevant state authorities, the adequacy of the pleadings must be resolved through the guidance of the Federal Rules of Civil Procedure."). In my view, the defendants' proposed counterclaim meets the requirements of Fed.R.Civ.P. 9(b), which provides that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally" (emphasis added). Consequently, I do not think that the counterclaim should be dismissed at this stage.[1]
 
 
 27
 The majority, however, has chosen to permit the defendant to plead the defense of fraud because (1) under Fed.R.Civ.P. 15(a), delay cannot serve as the sole basis for denial of leave to amend, and (2) the defense asserted by defendants was not facially meritless. Regarding the first basis, this circuit for decades has applied to all proposed amendments the liberal standards regarding leave to amend, regardless of whether the supplemental pleadings consisted of a counterclaim, a defense, or an amended complaint. See Safeway Trails, Inc. v. Allentown & Reading Transit Co., 185 F.2d 918, 920 (4th Cir.1950) (applying liberal amendment principles to motion to add counterclaim); see also Spartan Grain & Mill Co. v. Ayers, 517 F.2d 214, 220 (5th Cir.1975) (argument in favor of allowing amendment is particularly strong where proposed counterclaim is compulsory); cf. 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil Sec. 1430, at 56 (Supp.1989) (a "convincing argument can be made that the liberal pleading and amendment policies embodied ... in Rule 15(a) ... should control [requests to amend under Rule 13(f) ]").[2] Thus, the majority's reasoning that reverses the district court's refusal to grant leave to amend the defense must apply with equal force to the counterclaim.
 
 
 28
 Second, I do not perceive that the substantive North Carolina law prescribes different tests for fraud depending upon whether it is to be pled affirmatively or defensively. Thus, I am unable to understand how the majority can reach the asymmetrical result that on the same identical language defendants have failed to allege a counterclaim for fraud but have successfully alleged a defense of fraud.
 
 II.
 
 29
 My final comment concerns the inequitable situation that the majority opinion will create when this case is returned to the district court for a new trial. There, the defendants will be free to assert the defense of fraud and offer proof in support thereof, but will be unable to assert a counterclaim for fraud. In other words, defendants can avoid in whole or in part paying unpaid billings if they prove fraud, but they cannot recover any amounts already paid, the payment of which was fraudulently induced. To my mind this is a completely lopsided result. If fraud was committed by the plaintiff, I think that justice requires that defendants be given the opportunity to redress their rights both with respect to the portion of plaintiff's claim which has already been paid as well as that which is unpaid.
 
 
 
 [1]
 At times measurement must be accomplished in four dimensions, not merely three, taking time into account. This is such a case. Discovery was to be completed by February 18, 1988. An arbitration was scheduled for April 14, 1988. Discovery conducted prior to the arbitration included copies of the plaintiff's time sheets made available to appellant. When the arbitration did not go in appellant's favor, he demanded a trial de novo. At a pre-trial conference held on September 2, 1988, over at least 4 1/2 months since the copies of the plaintiff's time sheets were made available by the plaintiff, appellant, for the first time, claimed that the copies of the time sheets earlier received by him had been illegible. Thereupon, the originals of the time sheets were supplied by appellee to appellant. Illegibility, if it existed, should have been immediately apparent. Then, on October 5, 1988, having belatedly sought and received the right to inspect the originals, appellant, for the first time, raised by pleading a claim to amend his answer to assert the defense of, and to counterclaim for, fraud
 From a date prior to April 14, 1988, if there was indeed illegibility, it could be perceived by appellant. However, in dilatory fashion, he made no complaint of illegibility until September 1, 1988, when he filed at long last his pleading seeking to amend his answer and to file a counterclaim on grounds of fraud. The hearing did not take place until October 31, 1988, which was a date only two weeks prior to trial. In those circumstances, the inexcusable neglect in not attempting to assert fraud earlier as a counterclaim was patently evident and fully justified the district court's denial of the motion to file a counterclaim based on fraud.
 
 
 [2]
 While the delay in the raising of fraud as a defense led to needless expenditure of effort by the plaintiff in participating in the arbitration, it did not prejudice plaintiff's ability to put forth and try to prove his claim. By the same token, the existence vel non, as distinguished from its assertion by pleading, of the fraud defense was not affected
 
 
 [1]
 I similarly take issue with the majority's claim that the proposed pleading "plainly" would be dismissed under Fed.R.Civ.P. 12(b)(6). Under Rule 12(b)(6), a pleading may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The pleading must also be construed in the light most favorable to the defendant here, and its well-pleaded facts must be accepted as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)
 
 
 [2]
 Technically, requests to add a counterclaim are authorized under Fed.R.Civ.P. 13(f), which provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Requests to amend under Rule 13(f) are therefore judged under the standards of Rule 15(a), which governs amendments to pleadings generally. See SFM Corp. v. Sundstrand Corp., 99 F.R.D. 101, 104 (N.D.Ill.1983) ("Rules 13(f) and 15(a) have been construed as prescribing essentially the same standards for granting leave to add omitted counterclaims.")