21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Andre R. WRIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Andre R. WRIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 93-1419, 93-1554.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1994.
Decided April 14, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-92-694-2)
 Sidney J. Smolinsky, Philadelphia, PA; Henry E. Howell, III, Virginia Beach, VA, for appellant.
 Stuart E. Schiffer, Acting Asst. Atty. Gen., Richard Cullen, U.S. Atty., Michael A. Rhine, Asst. U.S. Atty., Michelle T. Delemarre, United States Department of Justice, Washington, DC, for appellee.
 E.D.Va.
 DISMISSED IN NO. 93-1419 AND AFFIRMED IN NO. 93-1554.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Andre R. Wright appeals from the district court orders denying his motion for leave to amend his complaint and dismissing his complaint with prejudice. We find no error in the denial of leave to amend and the dismissal, but we modify that dismissal to one without prejudice.
 
 
 2
 On September 1, 1992, Wright filed a complaint requesting damages for personal injury occurring during his service as a merchant seaman pursuant to 50 U.S.C.App. Sec. 1291 (1988). The United States answered with a general denial. Wright's counsel withdrew on November 30, 1992, and new counsel moved on January 21, 1993, for leave to amend the complaint. The original complaint alleged a cause of action arising out of events on June 8, 1991; the proposed amendment alleged a cause of action arising out of events on September 21, 1990. The district court found prejudice would result to the United States from the proposed amendment and denied leave to amend. Wright immediately appealed that decision. That appeal, No. 93-1419, was interlocutory, and this Court has no jurisdiction to consider the appeal. Thus, No. 93-1419 is dismissed. The district court later dismissed the action stated in the original complaint for lack of subject matter jurisdiction. Wright timely noted an appeal from that dismissal. That appeal, No. 93-1554, is properly before this Court.
 
 
 3
 Wright complains that the district court erred in denying leave to amend his complaint. We review the district court's denial of a motion for leave to amend only for abuse of discretion. Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir.1991). If relation back is not appropriate and the claim in the amendment is subject to a motion to dismiss, denial of leave to amend is appropriate. Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420-21 (4th Cir.1990). And, where undue delay by the party seeking to amend causes prejudice to the opposing party, denial of leave to amend is appropriate. Deasy v. Hill, 833 F.2d 38, 40-41 (4th Cir.1987).
 
 
 4
 Initially we find that the disposition of this claim is resolved by the provision of Fed.R.Civ.P. 15(c) which provides for relation back only when:
 
 
 5
 the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.
 
 
 6
 It is obvious that the claim set forth in the amendment--a personal injury action arising on September 21, 1990--is not the occurrence set forth in the complaint, which alleged personal injury on June 8, 1991. Thus, the question is whether the original pleading attempted to set forth the cause of action arising on September 21, 1990. We find that it does not. Counsel contends that scrivenor's error gave rise to the issue and cites Kelcey v. Tankers Co., 217 F.2d 541 (2d Cir.1954), to support his claim of error. We take his factual and legal allegations in turn.
 
 
 7
 Wright contends that the listing of "June 8, 1991" in his original complaint was mere scrivenor's error. We disagree. The circumstances giving rise to this situation, as properly found by the district court, belie Wright's position. Wright retained the law firm of Sacks, Basch, Weston, & Sacks to represent him. Wright then discharged counsel. In an effort to protect Wright's rights, original counsel diligently attempted to communicate with Wright regarding his suit, but Wright wholly failed to respond. Before counsel moved to withdraw, he attempted to protect Wright's cause of action by filing suit on the June 8 incident. Subsequently, Wright had a change of mind and decided to employ the Sacks firm again. The Sacks firm then sought leave to amend the mistake in the complaint.
 
 
 8
 Against this background the district court found that counsel acted in good faith and that the mistake was due to Wright's dilatoriness. On this record that finding is not clearly erroneous. Fed.R.Civ.P. 52(a). Under these circumstances we agree with the district court that there was no scrivenor's error. Therefore, because counsel did not "attempt[ ] to set forth" the September incident in the original complaint, Rule 15(c) prevents relation back of the proposed amended complaint.
 
 
 9
 The amendment was proposed more than two years after the incident occurred. Because amendment back was not available, the amendment set forth a cause of action that was time-barred, 49 U.S.C. Sec. 745 (1988), and thus, subject to a motion to dismiss. Therefore, dismissal was appropriate. Moretz, 898 F.2d at 420-21.
 
 
 10
 Moreover, the district court's denial of the motion to amend is supported by its findings that, because of Wright's dilatoriness, the motion to amend was filed late, and the government suffered prejudice. We do not disturb these findings because they are not clearly erroneous. This delay and prejudice are additional reasons why amendment was properly refused. Deasy, 833 F.2d at 40-41. Accordingly, we find that the district court did not abuse its discretion in refusing amendment of Wright's complaint.
 
 
 11
 Wright next contends that support for his assignment of error arises from the case of Kelcey v. Tankers Co., 217 F.2d 541, where the court found relation back appropriate in a Jones Act suit. There the plaintiff alleged an incident giving rise to tort damages aboard one of two ships on which he had served. The incident actually occurred on another ship on a different date. The district court found that the United States had notice that only one incident ever occurred and knew or should have known that Kelcey was attempting to sue on that incident. Thus, the court found no prejudice and allowed the amendment to name the correct ship and date.
 
 
 12
 Here, the district court found prejudice to the United States, which had prepared to defend an action based on the events of June 8, a date on which an incident giving rise to potential liability actually occurred. There was no reason for the United States to know that Wright meant to sue on another date in light of the fact that multiple incidents regarding Wright's injuries have been filed. Thus, there was no clear error in the district court's finding. Fed.R.Civ.P. 52(c). Kelcey does not support Wright's claim of error.
 
 
 13
 Wright also alleges that the district court erred in dismissing the complaint. We now turn to that claim. The only cause of action before the court was based on the June 8 incident. It is uncontested on appeal that any claim arising from that incident had not been subjected to administrative remedies as of the filing of the suit. Thus, the district court was without jurisdiction to hear the case. 50 U.S.C.App. Sec. 1291; Smith v. United States, 873 F.2d 218 (9th Cir.1989); Fox v. Alcoa S.S. Co., 143 F.2d 667 (5th Cir.1944). Therefore, the district court properly dismissed the suit. However, the dismissal should have been without prejudice because the action on the June 8 incident was not time-barred as of the date of dismissal. Fox, 143 F.2d at 668. We modify the district court's dismissal order to that extent. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 93-1419--DISMISSED
 No. 93-1554--AFFIRMED AS MODIFIED