**RHÔNE–POULENC AGRO S.A., Plaintiff,**

v.

**MONSANTO COMPANY and Dekalb Genetics Corp., Defendants.**

**No. 1:97CV1138.**

United States District Court, M.D. North Carolina.

Feb. 16, 1999.

Michael E. Ray, Winston–Salem, NC, Timothy G. Barber, Charlotte, NC, John F. Morrow, Winston–Salem, NC, Richard D. Levin, Wilmington, DE, for plaintiff.

James Donald Cowan, Jr., Greensboro, NC, Robert N. Sayler, Washington, DC, John F. Lynch, Houston, TX, Daniel W. Fouts, Greensboro, NC, W. Winburne King, III, Greensboro, NC, for defendants.

## MEMORANDUM OPINION AND ORDER

TILLEY, District Judge.

Pursuant to Fed.R.Civ.P. 15(a), Defendant Monsanto Company ("Monsanto") moves for leave to amend its Answer to include an additional affirmative defense of patent unenforceability based on inequitable conduct by Plaintiff Rhône–Poulence Agro S.A. ("RPA"). (Mot. Leave Amend Answer [Doc. # 178].) For the reasons set forth below, this Motion is GRANTED.

### I.

In addition to various contract claims and an antitrust claim, RPA alleges that Monsanto and its co-defendant, DeKalb Genetics Corporation ("DeKalb"), are infringing RPA's U.S. Patents Nos. 5,510,471 and 5,633,448, which both relate to an Optimized Transit Peptide ("OTP"). RPA filed its Complaint on October 30, 1997. The Joint Rule 26(f) Report declared that May 15, 1998 would be the cut-off date to request leave to amend the pleadings. Discovery was conducted from April 1, 1998 through October 15, 1998. On November 16, 1998, Monsanto filed this Motion for Leave to Amend its Answer to add the affirmative defense of inequitable conduct in obtaining the two patents at issue in this matter.

### II.

■ Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). While this Court is given discretion to deny the amendment, "that discretion is limited by the interpretation given Rule 15(a) in [*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ] 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.' " *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). More specifically, a denial of a motion to amend a pleading should issue only when delay is accompanied by prejudice, bad faith or purposeful dilatoriness, or futility. *Id.* Mere delay alone is not sufficient reason to deny leave to amend. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986).

■ There has been no showing that Monsanto's "delay" in making this Motion was in bad faith or purposefully dilatory. A defense based on a patentee's inequitable conduct is subject to the enhanced pleading requirements of Fed.R.Civ.P. 9(b), which requires that a party claiming fraud must plead its claim with particularity. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F.Supp. 1237, 1247 (N.D.Cal.1997). In order to provide the level of detail needed to support this affirmative defense, Monsanto claims that it could not plead the defense until after crucial depositions occurred near the end of discovery in October 1998. RPA argues that those depositions did not present any new information related to the defense of inequitable conduct, and that Monsanto had the documents needed to assert the claim as early as May 1998, when RPA produced the bulk of its documents. (*See* Pl.'s Answering Br.Opp.

[Doc. # 194], at 5.) However, RPA misconstrues the inquiry by focusing on whether material information actually was obtained at the depositions in October 1998. The proper question is whether it was reasonable for Monsanto to expect to obtain clarifying information regarding the claim at the deposition, and therefore to wait until after the deposition to file its Motion. The witnesses deposed in October 1998 were important fact witnesses regarding both of the allegations upon which the inequitable conduct claim relies, and by waiting until after the depositions to file its Motion, Monsanto appropriately fulfilled its obligation to investigate its claim thoroughly prior to making it. *See Advanced Cardiovascular Sys.*, 989 F.Supp. at 1247 ("[B]ecause the legal theory implicates Federal Rule of Civil Procedure 9(b), requiring pleading of fraud with particularity, SciMed was entitled to confirm factual allegations before amending to include the inequitable conduct defense."). Therefore, Monsanto's delay in filing the Motion was neither purposefully dilatory, nor the result of bad faith.

Moreover, RPA will not be prejudiced by this amendment. As Monsanto points out, its "inequitable conduct defense is based entirely upon the acts and omissions of RPA during the prosecution of" its patents, and Monsanto has provided RPA with "a detailed analysis of the technical facts underlying its inequitable conduct defense." (Memo. Supp. Monsanto's Mot. Leave Amend Answer [Doc. # 179], at 4.) In other words, very little—if any—new discovery is required in order for RPA to rebut Monsanto's assertions. *Cf. Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir.1990) (holding that no prejudice to opposing party occurred when defendant was allowed to add a defense of fraud, because the claim "was based entirely on documents taken from plaintiff's own records, and no additional discovery would have been necessary, nor would additional third-party witnesses have been required to testify on the issue."). Furthermore, if RPA requires additional discovery to respond to these allegations, the Court certainly would hear its arguments for reopening the discovery period in order to allow for such fact-finding. Similarly, if it is appropriate and upon a proper motion from the parties, the Court is not adverse to allowing an extension for the filing of dispositive motions on this affirmative defense.

Finally, RPA asserts that Monsanto's motion should be denied because the amendment would be futile, as RPA claims that Monsanto has not fulfilled the pleading requirements of Fed.R.Civ.P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Monsanto, then, must plead the "time, place, and contents of the alleged fraudulent misrepresentation, as well as the identity of each person making the misrepresentation and what was obtained thereby." *Breeden v. Richmond Community College*, 171 F.R.D. 189, 195 (M.D.N.C.1997). In short, RPA must be put on specific notice of the particular statements or omissions, in order to be able to respond to them appropriately. Here, Monsanto alleged that RPA itself omitted material information on its patent applications for the patents at issue in this case, and that RPA had a duty under the patent laws to present the information to the Patent and Trade Office. Furthermore, Monsanto's pleading alleged the specific prior art that should have been disclosed to the Patent and Trade Office by RPA and the specific information regarding identifiable field testing that should have been included in RPA's patent applications. Monsanto even provided a version of the amendment under Seal in order to add specificity without revealing protected information about the technology. Monsanto's affirmative defense satisfies the pleading requirements of Rule 9(b).

### III.

Monsanto's proposed amendment is not the result of undue delay, bad faith, or futility, and it will not prejudice RPA in its

prosecution of this matter. Therefore, Monsanto's Motion for Leave to Amend its Answer to include a Fourteenth Affirmative Defense, for inequitable conduct on the part of RPA in applying for its patents, is GRANTED.