**MERCEXCHANGE, L.L.C., Plaintiff,**

v.

**EBAY, INC., et al., Defendants.**

**No. CIV.A. 201CV736.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 21, 2002.

Thomas J. Cawley, Hunton & Williams, McLean, Kenneth Reed Mayo, Gregory N. Stillman, Hunton & Williams, Norfolk, Thomas Jefferson Scott, Jr., David Michael Young, Brian Mark Buroker, Emerson Vincent Briggs, III, Jennifer Ann Albert, Hunton & Williams, Scott L. Robertson, Hunton & Williams, Washington, DC, for Mercexchange, L.L.C., plaintiff.

Robert William McFarland, Steven R. Zahn, McGuireWoods LLP, Norfolk, Allan Madis Soobert, Cooley Godward LLP, Reston, Jeffrey Graham Randall, Charles Patrick Ebertin, Jeffrey Scott Karr, Michael Christopher Hendershot, Matthew James Brigham, Cooley Godward LLP, Palo Alto, CA, Kermit Arthur Rosenberg, Jr., Tighe Patton Armstrong Teasdale PLLC, Washington, DC, for eBay, Inc., Half.com, Inc., Returnbuy, Inc., defendants.

## ORDER AND OPINION

FRIEDMAN, District Judge.

On Thursday, September 12, 2002, the court heard oral argument with respect to defendant eBay's Motion to Amend its Answer to Conform to Proof and Include an Inequitable Conduct Affirmative Defense. At the close of the hearing, the court ordered the defendant to provide a draft Amended Answer to the plaintiff for review. Accordingly, the defendant filed its Amended Answer on September 17, 2002. The court allowed the plaintiff to respond to the Amended Answer, which the plaintiff did on September 24, 2002 with a Motion to Dismiss and/or Strike eBay's defense. The defendant filed its reply on October 1, 2002. Based on the briefs submitted by the parties, the arguments of counsel at the hearing, and for the reasons set forth below, the court grants the defendant's Motion to Amend and denies the plaintiff's Motion to Dismiss and/or Strike.

## I. Background

In April of 1995, the inventor of U.S. Patent No. 6,202,051 ("the '051 patent"), Thomas Woolston, filed his original patent application. This application was assigned the application serial number 08/427,820 ("the '820 application."). In November of 1995 the inventor filed a continuation-in-part application. In October of 1998, the inventor filed a continuation application. Both the continuation-in-part application and continuation application allowed the inventor to continue the original application while maintaining his original priority date of April 1995. In February of 1999 the inventor filed application serial number 09/253,014 ("the '014 application") and application serial number 09/253,021 ("the '021 application"), which were divisional applications of the '820 application. A divisional application is a "later application for a distinct or independent invention, carved out of a pending application and claiming only subject matter disclosed in the earlier or parent application." U.S. Patent & Trademark Office, Manual of Patent Examining Procedure, ("MPEP"), § 201.06 (8th ed. rev.2001). The '051 patent issued in March of 2001 from the '021 application. The '014 application was rejected and is currently on appeal to the Patent and Trademark Office ("PTO") Board of Patent Appeals.

During the prosecution, different examiners reviewed the '014 and the '021 applications. Demetra Smith reviewed the '021 application and Melanie Kemper was assigned the '014 application. During the

review of the '014 application, Examiner Kemper found prior art which she believed rendered certain claims unpatentable. The crux of the defendant's argument is that the prior art used by Examiner Kemper to reject the claims of the '014 patent was not disclosed to Examiner Smith in her review of the '021 patent even though John Phillips, the attorney who prosecuted these patents for Mr. Woolston, was under an obligation to reveal this allegedly material information. Based on Mr. Phillips' alleged inequitable conduct, the defendant seeks to amend its answer to include this affirmative defense.

## II. Standard for Amending Pleadings

Federal Rule of Civil Procedure 15(a) states that "a party may amend [its] pleading only by leave of the court...and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has held that

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *accord Medigen of Ky., Inc. v. Public Svc. Comm'n of W. Va.,* 985 F.2d 164, 168 (4th Cir.1993). In response to the defendant's Motion, the plaintiff argues a number of these reasons to disallow leave to amend, specifically undue delay, undue prejudice, futility of the amendment, and bad faith.

### A. Undue Delay

First the plaintiff argues that the defendant has unduly delayed in filing this Motion, as it received the discovery documents necessary for the Motion from the plaintiff in March. The plaintiff alleges that the defendant purposefully waited until after the close of discovery before filing this Motion. The plaintiff cites a number of cases where courts have refused to grant leave to amend when a movant delayed its filing of the motion. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 940–41 (4th Cir.1995)(affirming district court's denial of leave to amend to add fraud counterclaim in trademark infringement dispute in which the movant waited three months and until the closing days of discovery in order to file its motion to amend); *Remington Arms Co. v. Modern Muzzleloading, Inc.,* 1998 WL 1040949, *1 (M.D.N.C. Dec.17, 1998) (unpublished) (holding that movant had unduly delayed in waiting three months from time of learning of alleged inequitable conduct to move for leave to amend).

In contrast, the defendant argues that when the plaintiff produced the patent prosecution documents in March, there were over 20,000 pages. In addition to the sheer number of documents, the inequitable conduct defense was only discovered after deciphering the relationship among the plaintiff's numerous patent applications. Finally, the defendant argues that it was not until Mr. Phillips was deposed on June 4, 2002 and July 2, 2002 that the merits of an inequitable conduct defense were revealed. The defendant cites a number of cases which hold that the actions here do not constitute undue delay. *See, e.g., ADCO Prods., Inc. v. Carlisle Syntec Inc.,* 110 F.Supp.2d 276, 278 (D.Del.2000) (granting defendant's motion to add inequitable conduct claim on eve of *Markman* hearing, two months before trial); *Rhone–Poulenc Agro S.A. v. Monsanto Co.,* 73 F.Supp.2d 537, 538 (M.D.N.C. 1999) (allowing amendment of inequitable conduct defense one month after discovery closed); *Advanced Cardiovascular Sys.,*

*Inc. v. SciMed Life Sys., Inc.,* 989 F.Supp. 1237, 1247 (N.D.Cal.1997) (holding that because inequitable conduct "implicates Federal Rule of Civil Procedures 9(b), requiring pleading of fraud with particularity, [the accused infringer] was entitled to confirm factual allegations before amending to include the inequitable conduct defense."); *Go Med. Indus. Pty, Ltd. v. C.R. Bard, Inc.,* 1995 WL 605802, *4 (N.D.Ga. July 6, 1995), *aff'd* 101 F.3d 715 (Fed.Cir.1996) (granting accused infringer leave to amend its answer to add inequitable conduct defense, although information regarding conduct was first discovered nearly 10 months prior, as the court held that it "will not penalize defendant for obtaining additional, confirming information ... to support its claims—especially given that Rule 9(b) requires that allegations of fraud, such as inequitable conduct before the U.S. Patent Office, be stated with particularity.").

However, even if the defendant's actions do constitute undue delay, "[d]elay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999). Therefore, this court will turn to the plaintiff's other assertions.

## B. Unfair Prejudice

The plaintiff also argues that the granting of leave to amend the answer will cause unfair prejudice to the plaintiff, particularly since the discovery deadline has past and the expert reports have been exchanged. The plaintiff cites a number of cases which support its argument. *See, e.g., Lone Star Steakhouse,* 43 F.3d at 940 ("we agree ... that the proposed amendment, if allowed, would have substantially prejudiced Plaintiffs.... Inserting the defense of fraud in the case on the last day of discovery would have raised new issues, which were not involved in the case during the discovery and were not the subject of

Plaintiff's discovery and trial preparation"); *Remington Arms,* 1998 WL 1040949 at *3 ("Defendant's assertion of a new affirmative defense, at this stage of the litigation, is clearly prejudicial and should be denied.").

The defendant, on the other hand, argues that the information needed to defend an inequitable conduct allegation is in the plaintiff's possession. Furthermore, the defendant states that discovery with respect to the expert witnesses is still ongoing. The defendant cites a number of cases for support. *See, e.g., Frank M. McDermott, Ltd. v. Moretz,* 898 F.2d 418, 421 (4th Cir.1990) ("appellee has not been able to demonstrate any prejudice.... The claim of fraud as a defense was based entirely on documents taken from plaintiff's own records, and no additional discovery would have been necessary, nor would additional third-party witnesses have been required to testify on this issue."); *Rhone-Poulenc,* 73 F.Supp.2d at 539 ("[the plaintiff] will not be prejudiced by this amendment.... [The defendant's] inequitable conduct defense is based entirely upon the acts and omissions of [the plaintiff] during the prosecution of its patents.... In other words, very little—if any—new discovery is required in order for [the plaintiff] to rebut [the defendant's] assertions.") (citations and quotation omitted); *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.,* 1996 WL 680243, *3–4 (N.D.Ill. Nov.21, 1996) (unpublished) (rejecting plaintiff's argument that adding an inequitable conduct defense after the close of discovery was unduly prejudicial where "any other information related to this claim would be in Plaintiff's possession, thereby eliminating any real need for further discovery by Plaintiff."). In addition, the defendant argues that the plaintiff has already presented an expert affidavit addressing the inequitable conduct defense. Furthermore, expert supplemental reports

and rebuttal reports have not yet been submitted, nor have expert depositions taken place. *See Heidelberg,* 1996 WL 680243 at *3–4 (rejecting prejudice argument where "expert depositions have not yet begun.").

In sum, it does not appear that the plaintiff will be unfairly prejudiced if the defendant's Motion for Leave to Amend were granted. While the plaintiff cites a number of other discovery avenues it believes it must pursue if the Motion were granted, the court notes that because the case was forced to be continued until April, 2003, there is ample time for the plaintiff to obtain this discovery if it is deemed appropriate by the court.

### C. Futility of the Amendment

The argument that both parties spend a substantial amount of their briefs discussing is the futility of the amendment. The plaintiff argues that "[t]his court may deny a request for leave to amend when the proposed amendment would be futile, such as when the amended pleading would be subject to a motion to dismiss, motion for summary judgment, or where the movant is unable to plead with particularity all of the specific elements necessary to support the claim." (citing 3 Moore's Federal Practice § 15.15[3] (3d. ed.2002)). However, as the defendant points out, the Fourth Circuit has held that "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Frank M. McDermott,* 898 F.2d at 423 (concurring/dissenting opinion). As such, the defendant argues that the court should not weigh the merits of the case, and certainly not use the standard of review

applicable for summary judgment, as requested by the plaintiff, when deciding whether to allow the amendment.

■ As an initial matter, the court finds that judging the futility of the Amended Answer is based on a 12(b)(6) motion to dismiss standard and not a Rule 56 summary judgment standard, as the matter is not fully briefed for such an analysis. *See, e.g., HCC, Inc. v. R H & M Mach. Co.,* 39 F.Supp.2d 317, 324–25 (S.D.N.Y.1999) (denying to judge motion for leave to amend according to a Rule 56 standard as the matter was not fully briefed to that standard, notice was not given that a Rule 56 standard would be used, and that fairness dictated using the "normally applicable Rule 12(b)(6) standard."). In order to state a defense of inequitable conduct, a party must show that the patentee intended to mislead the PTO. *See Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 872 (Fed.Cir.1988). Thus, the defendant must show that (1) the applicant or one substantially involved in the prosecution of the patent omitted or misrepresented material prior art or information; (2) that such person knew of the materiality of the prior art; and (3) that person intended to deceive the PTO by deliberately withholding the prior art or information. *Id.*

· In order to meet this showing, the defendant alleges that (1) the prior art that Examiner Kemper discovered in reviewing the '014 application was not provided to Examiner Smith in her review of the '021 application;[1] (2) that the prior art was material to the prosecution of the '021 application, particularly in relation to the seller's account features; (3) that Mr. Phil-

---

1. The court notes that it appears that the prior art was listed on an Information Disclosure Statement filed with the PTO after the applicant's payment of the issue fee. Without delving into a substantive discussion as to

whether this was sufficient to avoid an inequitable conduct allegation, when read in a light favorable to the defendant, the court finds a sufficient basis that this element has been met.

lips knew of the materiality of the prior art; and (4) that based on Mr. Phillips' economic incentive to have this patent issue, he made the deliberate decision not to reveal this prior art. Of course, the plaintiff disputes each and every fact listed here. In deciding a motion for leave to amend, the court does not weigh the evidence, but rather simply determines whether sufficient allegations are present to support the amendment. Based on the factors listed above, and others in the defendant's memoranda, the court finds that the amendment is not futile.

### D. Bad Faith

Finally, the plaintiff argues that the defendant has acted in bad faith based on (1) the timing of this motion; (2) the futility of this motion; and (3) the defendant's personal attack on Mr. Phillips. However, as discussed above, the defendant has not unduly delayed in the filing of its Motion, nor is the Motion futile. The defendant argues that it had to explain Mr. Phillip's self-interest and motive to engage in inequitable conduct because the requisite showing of intent "must be inferred from the facts and circumstances surrounding the applicant's conduct." *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1180–81 (Fed. Cir.1995). While the extent of the personal attack on Mr. Phillips may be inappropriate for this Motion, it does not rise to the level of bad faith.

### E. Expert/Expert Reports

On October 18, 2002, the plaintiff submitted for the court's review a Motion to Strike the defendant's late 26(A)(2) Expert Reports and to Disqualify Gerald J. Mossinghoff as an expert, on the grounds that it bears directly upon the defendants' Motion to Amend. However, this court finds that these issues are easily separable. The court is granting the defendants' Motion to Amend their Answer pursuant to a Rule 12(b)(6) standard. The question of whether or not this expert and these expert reports will be permitted into evidence is an issue best left for the summary judgment stage. Therefore, the court declines the plaintiff's request for a hearing on these issues at this time.

### III. Conclusion

For the reasons stated above, the court GRANTS defendant's Motion for Leave to Amend its Answer and DENIES the plaintiff's Motion to Dismiss and/or Strike.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record.

It is so **ORDERED.**